Good morning. If it pleases the court, my name is Chris Bataille. I represent the estate of Madeleine Liebsack. We're here on a second oral argument, second appeal, following a medical malpractice trial. The issue in the first appeal was whether or not the government could support a claim against a dismissed defendant for fault with respect to the injuries alleged. There was another party that they also wished to allocate fault against. That party is not at issue here. The plaintiff objected that the evidence that was relied upon by the government... I can help you. We're fully familiar with the procedural history of this case. Well, let me get... I don't want to cut you off on it, but I think we all know what it is. So the issue before this court really concerns principles of finality. And can a district court, after this court has issued a ruling holding that the evidence was insufficient and allocation had to be recalculated, go back, revisit rulings to avoid the effect of that mandate? And what happened here, and I guess it turns on what we did last time, or what the panel did last time. I think that's right. What is the mandate of the court? The bottom line says the judgment of the district court is reversed and the case is remanded for a new trial. And the court said that the issues of liability of... if I can use the nurse as the surrogate because she... Sure, she's the psychiatric provider. And the government are intertwined and therefore we need a new trial. And then in the separate one, the one that dealt with damages because of the death of the... intervening death of the plaintiff, it also says the court can structure the retrial in any manner that it sees fit, most efficient way. It's in the district court's discretion. So I'm having difficulty reading that mandate as saying to the district court, here's what you must do. You must assume that the nurse was not at fault at all and just simply allocate damages between the third party no longer here and the federal government. But that's your position, isn't it? That is absolutely our position. So tell me how I get that out of the mandate. to address the contested issues remaining after appeal. And so the only contested issue... Which require retrial.  In accord with our mandate. Exactly. In accord with our mandate. Surely it was contested what proportion of fault belonged to the federal government and what proportion of fault belonged to the nurse. You were arguing that they didn't have sufficient evidence to attribute any to the nurse. Right. But surely that was still contested, wasn't it? Well, it wasn't contested by the government at that point because this court had ruled that they had no witnesses and no evidence to support it. So... Here's the trial judge. I'm just trying to think of this from his perspective. The trial judge says the first time through, look, I don't think they need an expert. And so I'm not going to let them use the one they disclosed late because they don't need one anyway. And the court of appeals says, no, no, they really did need one. So go back and retry this case. And the trial judge says, now that I know that, I'll let them put in their expert. I'll fine them for disclosing him late. But let's resolve this case on the merits. And you're saying our mandate prevented him from doing that. Yes. And so when the court initially ruled that the government could not call a witness late, it understood fully, and the record makes clear, even though the trial court erroneously said that nobody had raised the fact that state rules applied in the FTCA action. And so the court made a ruling based on information that everybody knew, which was that the government... Well, I didn't really know that. And had I known it, I would have ruled differently. Well, yeah. I mean, the court was clearly wrong that it didn't know that. I mean, the government, in its motion, told the court, we need this expert in order to prove our allocation claim, our claim against Hillary. But the court thought that was wrong. No, the court didn't disagree with that premise. The court simply concluded that based on the circumstances and the failure to disclose it... I'm saying in the second trial, didn't the trial court say, gee, had I really known that they absolutely had to have the witness in order to prove allocation, I would have done exactly what I'm doing now. Right. But I would have granted them the ability to give the witness and fine them for their late disclosure. Right. I mean, the court went back and said, gosh, in hindsight, I think I might have ruled differently had I known what I know now from the Ninth Circuit. However, the court had all that information. And the government had all that information. And it never appealed the ruling that that witness couldn't be called. It never objected to that order. And the government knew that if the plaintiff prevailed on its claim, that that witness or that it did not have a witness that could support its claim. What are you seeking that we do in the end? Put aside the future damages. Let's assume that whatever damage amount there is, you're asking that we should direct the district court to enter a judgment imposing roughly 95 percent? Well, the court that's up to the that's up to the district court. And I always was. But yes, I mean, I know you're saying it's not because you're saying we've mandated something. Well, tell me what we meant. But the court mandated that the trial court needs to determine how to allocate fault among the parties to whom fault can be allocated. That does not include the nurse. But for what was so there could be a retrial, I suppose, as to absolutely as to the one party no longer involved. Exactly. The court was free at that point to decide, OK, this this party is no longer subject to allocation. Now I decide what the relative allocation should be. The apportionment should be between the two remaining parties. And otherwise, essentially, what the court did here and what the court would be permitting, should it rule in the government's favor in this case, is that whenever the court says on a discrete contested issue that the government erred and it needs to go back, it wasn't harmless error and needs to recalculate damages based on the fact that that witness or that party is no longer part of the computation. But the government can simply go back and say, well, you know, gee, now that I know that, I'm going to go ahead and allow exactly what this court said cannot be allowed. Well, that's my question. Did we say that? I don't think we said that. I mean, I don't read the opinion that way. No, the court said there was one contested issue. The court said on that issue, the government did not and could not support its claim against that party. But this is not a criminal case in the sense that once jeopardy attaches, the government didn't prove its case, it can't be given another opportunity. No, it's not a criminal case, but the rule of mandate says that if a party who could and did not appeal an issue, then the rule of mandate precludes the court from later going back and saying, well, we're just going to change the rulings that we made earlier in order to effectuate a different result than what the court here said was the result. So I'm not following. And you said something. I don't know whether you were quoting or paraphrasing. So I'm looking at our opinion. And you said allocate among the parties who are subject or something in words to the effect which I gather the implication that could not include Nurse Jones. Right. Because where do you find that? Cite me to the precise point. Sure. And we're all aware of the portion of the opinion that concludes that in the absence of expert evidence, there's not sufficient evidence to support the district court's judgment. Just get the opinion so I know what the answer to my question is. We're about to go get it. I'm looking at the opinion. I'd like to be on the same page as you. So the, well, I think the last page of the opinion sort of sums up that. It's all mine. So tell me where. Well, if you look at 858 Nurse subheading C, the court says the government points to no other evidence that could have supported the district court's ruling as to Nurse Jones. Moreover, because the finding against Nurse Jones cannot stand, neither can the 15% liability finding against the government, because the relative liability of each actor is intertwined. Right. Is that what it doesn't go on to do? There's more to it. The judgment of the district court is reversed and the case is remanded for a new trial. But it's remanded for a new trial. Right. There's nothing about, you know, the issues being parties who, against whom allocation can be provided. Right. There was no further specification and that's really why we're here today. But there's even a footnote and the footnote says, look, we think we're required to remand for a new trial. We note that Judge Graber has a different view, that you could send it back for limited evidentiary hearings, but the error in this case could not be cured in an evidentiary hearing. And so it seems to me that what the court's really saying in the general rule is that we're going to start all over again and do this right. You can argue to the district judge whether or not that witness can be allowed, but so far as we're concerned, go back and do this again and do the allocation again. Right. But the problem with that is there would be no finality ever when a party appeals a contested issue, it is resolved in their favor, it goes back and then the court can say, well, I don't, for whatever reason, agree that allocation shouldn't have been allocated. Let's go back and change rulings that were never contested. Excuse me? You're talking, now you're talking about law of the case. It's also, it's also the rule of mandate. Well, the mandate here so directed a new trial and that's what the judge did. Well, but it has to be read, I think, in conjunction. So you're complaining about, well, the judge went back and revisited some of his prior rulings, which is more like law of the case. It is also. Law of the case is not, you know, is not a rigid doctrine. There's a lot of flexibility. The courts can always go back and revisit what they've done. Well, they can, but they can only do so in its abuse of discretion if the exceptions are not met, and they weren't in this case. But, but none of the exceptions to the law of the case doctrine were met. And I don't think that there is a dispute. Well, there was a significant change in the basic fundamental understanding of these expert, you know, what witnesses could be presented or needed to be presented here to make these evidence. There was no fundamental change. What about preventing an injustice? I mean, under the, under the, under the ruling that eventually obtained, and by the way, you increased the federal government's responsibility, but they were 25 percent at fault. Had, had the other, had the judge not allowed the witness to come in, they would have been, what, 95 percent at fault? Seventy-five, it's hard to say. They would have had a much bigger portion of the judgment than they would, than would have been justified under the evidence. Because the evidence showed that they were only responsible for the court. Right. If, if we were going back to scratch, perhaps, but, but in this case, the court had already decided that, that the government could not present that evidence. This court ruled that that is correct. The government never appealed it, never said. But that's, that's, now you're out of the law of the case. Well, it's also part of the mandate. The rule of mandate says that issues that are not contested on appeal, once there's remand, those issues become part of the mandate. You can't reconsider them. Now, there's, there's obviously also the law of the case doctrine, but the court never made the findings here that the law of the case doctrine, those, those exceptions applied. The court simply said, if I had known, if somebody had brought to my attention this statute during the proceedings below, I may have ruled differently. The record shows that the statute was brought to the court's attention repeatedly. And the government, at any point, could have either moved for Rule 60B, it could have moved for reconsideration, or it could have appealed. Did you want to save some time for rebuttal? Yes, please. Okay. Good morning, Your Honors. My name is Gary Guarino. I'm the Assistant U.S. Attorney representing the United States in this matter. Appellant has two main arguments. First is, the Court of Appeals in the first appeal reversed the judgment, remanded for a new trial, but they didn't meet a new trial. They met something different. Instead, what they really met was, the district court should enter a preclusion order, it should not hold a new trial, it should enter a preclusion order, it should dismiss some allocation claim, and it should just base new findings on the evidence from the first trial. That's not what the Court of Appeals said, but that's what plaintiff claims it should have said. But it didn't. Second argument is, on the damage, the first appeal, the court vacated the damage reward for future medical expenses. It said the original verdict was based on estimated damages, because no one knew when Ms. Leipsack was going to die, so it had to be based on estimated expenses for an estimate based on her life expectancy. But during the first appeal, she passed away, and the Court of Appeals said, well, we don't need to address those issues. On retrial, you won't need to use those estimates. You won't need to try and estimate how long she's going to live or what the expenses. We know what those expenses are now. It's a little different, though. What happened was, you appealed the award, correct? Yes. You said the award is too large because it's not based on evidentiary grounds. You said the award should have been smaller for different reasons. For various reasons. And then during the process of that appeal, she died. Correct. And if the first panel had upheld the judgment, we would have been left in the position we were in under the rule of finality. But the panel reversed the judgment. Now the question is, and the one that your opponent never got the opportunity to raise is, is that appropriate when somebody obtains a judgment, dies during dependency of the appeal, do we then move back and say the judgment should be altered? Or should the panel have gone on to look at your objections to the size of the judgment? It depends. If the judgment was affirmed, then the death of the plaintiff would not affect that judgment. But when the court has reversed the judgment for other reasons and says we're going back for a new trial, it makes no sense when you're going back for a new trial to say, but let's ignore reality. Let's ignore the fact that she's dead. Let me ask the question slightly differently because your answer is correct. If there had been no appeal by the other side of the judgment generally, of the allocation, and you were simply appealing the amount of damages awarded to the now decedent but then plaintiff, would the appellate court have been able to say, well, she died during the course of the appeal. We'll undo the damages. I think they would have had to find some other basis for challenging the judgment. Your argument really is based on the fact that the opinion of the court reversed and sent it back for a new trial. Correct. Had the court said we don't need a new trial, we can resolve all these issues, then we would have been left with a final judgment. The rule of finality only applies if the judgment is still final. When the matter came back to the district court, there was no judgment. The judgment had been reversed in the main opinion and the damage award in the memorandum opinion had been vacated. So there was no judgment and there was no damage award. The district court had to now enter a new judgment based on new findings and it had to enter a new damage award. I guess what I'm trying to figure out is you're not really contending that somebody merely dying during the course of an appeal vacates the award. What you're saying is the award was vacated by the main judgment. Correct, and the government never moved to set aside the judgment based on the death of the plaintiff. We never sought to set aside the verdict based on the death of the plaintiff. That's all those cases that say that's not a sufficient basis to challenge finality. Once the judgment had been reversed and we were coming back for a new trial, it made no sense to pretend that the plaintiff was still alive. What plaintiff wants to do is say, no, you should still award damages for two years after she died. Why? That violates Alaska law. You don't get damages that don't exist, that never happened. You get full damages for what you actually incurred and that's what the district court did. It said, well, according to the instructions of this court, which said in the Memorandum of Opinion, you don't need to estimate damages anymore. We know what they are now, so just go back and calculate the actual damages. The issue of the question of what the district court understood, the district court explained its reasoning and explained it in the findings of fact in the second trial at the appellate record 79. It said exactly what it understood had happened. It never entered a preclusion order in the first case. It never intended to enter a preclusion order. It denied plaintiff's motion to dismiss and it allowed the government to go forward with its allocation claim and we prevailed on that claim. It just didn't let you put on a lately discussion. It excluded one of our witnesses and so we had a weaker case than we would have had with that witness. When it came back and the court said, oh, not only would you have had a weaker case, but you wouldn't have been able to present the case at all, then the court had to deal with a different issue. It was no longer looking at was my discovery order back in 2008 appropriate? It was now looking at in 2014, since I'm going to be conducting this trial again, is it appropriate to enter a preclusion order based on that 2008 discovery order? The court said, one, I never intended to enter a preclusion order. If I had known that that's what I was doing through this discovery order, I would have granted the government's motion. Second, this court has already set out the requirements that a district court has to follow if it's going to enter a discovery order that amounts to a preclusion order. What the court has said is, look, if you're going to enter a drastic sanction like that, not just controlling discovery but actually precluding a claim, you have to consider did the party act in bad faith, in willful misconduct, and you have to consider less drastic sanctions. Are there less drastic means to deal with this issue? When the matter came back to the court in 2014, that's exactly what it did. There was no evidence that the government ever acted in bad faith or acted willfully to disregard the court's orders. The court said, look, I realize there was some prejudice to the defendant in having to do this additional discovery, and that's why I denied the motion in 2008, but now I can cure that. A plaintiff, you'll be allowed to name a rebuttal expert. The government can name their expert. You can name a rebuttal expert. The court gave the party six months to have expert reports and to do discovery. Then the court said, if the added cost of doing this discovery and of doing the time for trial, I'm going to charge that to the government as a monetary sanction. That will cure the monetary prejudice to the plaintiff. He said, that's what I would have done back in 2008 if I had understood the law the way it's now been clarified for me by the Ninth Circuit, but now that it has been clarified and now that I have the opportunity to rule on this in the correct way, here's what I'm going to do. I'm going to do substantial justice. I'm going to allow the government to present its witness. I'm going to allow the plaintiff to put on their witness, and the issue will be presented. The court, in fact, said in its findings that what ended up happening was it was allowed to explore the issues more fully, and it changed its decisions to some extent. The government ended up with a higher percentage of fault. It made a different finding based on the new evidence. It would have been manifestly unjust to take a 2008 discovery order that the court never intended to be a preclusion order, never intended to preclude the government's claim, and six years later when you were going for a new trial to say, aha, but now we're going to enforce that as a preclusion order, even though the district court never intended that, and under the facts of this case, the plaintiff had sued Nurse Jones. There was no surprise here. The plaintiff knew what the claims were against Nurse Jones. The plaintiff had sued Nurse Jones, and it recovered over a million dollars in settlement on that claim. Is that in the record? It is. It's cited in the pleadings to the district court. The district court was aware of it, and it wasn't that there wasn't any allocation based on the amount of the settlement. No, no, I understand. I just didn't know that they... Oh, yes, the district court understood that, and in fact the district court said as part of its reasoning, look, plaintiff, you can't be surprised. You named Nurse Jones in your original complaint. You claimed she was negligent, so this is not like some new undisclosed party, but the court did say, yes, there was a delay in identifying this expert, and that would have caused some delay in discovery, some additional expense to the plaintiff, and that was the basis for the 2008 ruling, but in 2014, those issues were no longer there. There was plenty of time to do discovery. The court could award monetary sanctions to compensate the plaintiff, and it would have been unfair to say, based on an order that I never thought was a preclusion order, that I never intended to preclude the government, I'm now going to preclude the government from presenting its defense, and this court, in the first opinion, told the district court, it's up to you to retry the issues, to decide how the case should be tried, and you couldn't have been more clearly. You said, it is within the district court's discretion to structure the retrial in a manner the court finds would be the most efficient way to retry those contested issues which require a retrial in accord with our mandate, i.e., to retry only those issues which require a new trial, or to retry the entire action, and nothing in this memorandum is intended to interfere with or restrict that discretion. The court couldn't have been more clear. We reversed the judgment. We remand for a new trial. It's up to you, district court, to retry the case in a way that you see fit, and the district court adequately and forthrightly explained its reasoning at records 40 to 43, where it said, I didn't understand the significance of my discovery ruling in 2008. I didn't realize this implicated a potential preclusion order. If I had understood that, I never would have entered that order. I would have allowed the motion. I would have awarded sanctions against the government, and so what he said was, what I'm going to do now is what I should have done then, knowing what I know now, I'm going to allow the government to present its evidence, and I'm going to grant sanctions as a remedy to prejudice. Unless the court has other questions? No. Thank you, counsel. Thank you. Mr. Greenough's recitation of the facts is simply inaccurate. The government told the district court that the effect of its ruling would prevent it from calling an expert for trial. Furthermore, we moved for summary judgment, moved to dismiss the allocation claim based on that basis. So throughout the proceeding, everybody, including the government, was aware that the effect of that order would prevent the government from pursuing its allocation claim, yet it never appealed the decision, and I provided supplemental authority where the government, before the Leaps Act case was decided, had actually successfully moved for summary judgment against a plaintiff who they claimed didn't have a competent expert witness to support a medical malpractice claim. The court granted summary judgment, and that was the end of it. So the government understood and made clear to the court repeatedly that the effect would be to prevent it from pursuing this claim. So the court's reasoning for why it decided after the appeal was decided to go back and revisit the question that it had no idea the effect of that ruling, of course the motion itself explained the effect of the ruling to the court, was incorrect with respect to damages. So what's really going on here is the court is simply saying, you know what, I want to fix this because now that I know the effect, I'm just going to go reverse my prior rulings. With respect to damages, the damages were affirmed. The court simply said that if in the course of a retrial on the contested issues, and again the court needs to focus on its own language, that the only thing that was remanded were the contested issues that required retrial. Well, the future damages were not affirmed. Well, they were. The memorandum of disposition said you can't get them. No, they were all affirmed. But what the memorandum said is in the event that the court has a new trial on contested issues and these issues arise, the court can consider the fact that she died. But the court, when it made that dicta, when it stated that dicta, there had been no briefing on that issue. The government had never argued that the court should reconsider damages based on her premature passing. And in fact, Alaska law precludes the reduction of an award of damages based on future medical expenses because of the premature passing of the person who's entitled to those damages. The parties were never given an opportunity to brief that, and had they briefed it, the Ninth Circuit would have known that that ruling was incorrect. And because of that dicta, the court went ahead and did something that clearly was beyond the scope of the court's mandate. Okay. Thank you, counsel. We appreciate your arguments on the matter submitted, and that ends our session for today.
judges: Fisher, Paez, Hurwitz